UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY GENUS,
                Petitioner,

-v-

THOMAS DECKER et al.,
                Respondents.

19-CV-10647 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

In this action, a petition for a writ of habeas corpus under 28 U.S.C. § 2241, Anthony Genus seeks relief from ongoing detention by Immigration and Customs Enforcement. Genus was detained pursuant to 8 U.S.C. § 1226(c) on March 28, 2019, and to date he has not received an individualized bond hearing. (Dkt. No. 1 ("Pet.") ¶ 11.) Genus asserts that the length of his detention without a bond hearing violates his constitutional rights.

As a general matter, the Due Process Clause of the Fifth Amendment prohibits mandatory detention under § 1226(c) without an individualized bond hearing "at some point." *Sajous v. Decker*, No. 18-CV-2447, 2018 WL 2357266, at *8 (S.D.N.Y. May 23, 2018). That point — the "point of unreasonableness," *Gomes Herbert v. Decker*, No. 19-CV-760, 2019 WL 1434272, at *2 (S.D.N.Y. Apr. 1, 2019) — is governed by a "fact-based inquiry," *id.* (quoting *Dukuray v. Decker*, No. 18-CV-2898, 2018 WL 5292130, at *3 (S.D.N.Y. Oct. 25, 2018). The essential factors are

> (1) the length of time the noncitizen has already been detained; (2) whether the noncitizen is responsible for the delay; (3) whether the noncitizen has asserted defenses to removal; (4) whether the noncitizen's civil immigration detention exceeds the time the noncitizen spent in prison for the crime that rendered him removable; (5) whether the facility for the civil immigration detention is meaningfully different from a penal institution for criminal detention.

1

*Arce-Ipanaque v. Decker*, No. 19-CV-1076, 2019 WL 2136727, at *1 (S.D.N.Y. May 15, 2019).

Here, these factors indicate that the point of reasonableness has passed. First, Genus has been held for almost twelve months. The "sheer length" of a twelve-month detention without a bond hearing, to put it mildly, weighs against a finding of constitutionality. *See Young v. Aviles*, No. 15-CV-4545, 2015 WL 4579204 at *2 (S.D.N.Y. July 29, 2015) (quoting *Young v. Aviles*, 99 F. Supp. 3d 443, 455 (S.D.N.Y. 2015)); *see also id.* (collecting cases in which detentions of eleven months or fewer were held to be impermissible). Second, Genus is responsible only for ten weeks of that delay. He requested two adjournments at the outset of these proceedings (Pet. ¶ 56) as well as a three-week extension of the appellate briefing deadline (Dkt. No. 12 at 7); the remainder of the delay cannot be attributed to Genus. *Cf. Gomes Herbert*, 2019 WL 1434272, at *3 ("Of these eight months [of delay], [petitioner] is responsible for only six weeks of delay.").[1] Third, Genus has contested his removal (Pet. ¶ 57), and Respondents "do not argue that this defense is frivolous." *Gomes Herbert*, 2019 WL 1434272, at *3; *see also Sajous*, 2018 WL 2357266, at *11 ("The Court need not inquire into the strength of [petitioner's] defenses . . . .").

As for the last two factors, the convictions giving rise to Genus's purported removability are for possession of a weapon and for possession of marijuana. (Pet. ¶ 23.) The weapons conviction carried a sentence of one year; the marijuana conviction carried a sentence of time

---

[1] Respondents respond that the delay is "largely a function of the process Genus is being afforded" and that "there is no evidence that [the government] has improperly or unreasonably delayed the regular course of Genus's proceedings." (Dkt. No. 10 at 19–20.) The inquiry, however, turns not on whether the government has improperly dragged its feet, but on "whether the noncitizen is responsible for the delay." *Arce-Ipanaque*, 2019 WL 2136727, at *1. And a noncitizen is not "responsible" for the amount of time it takes the government to afford process to which the noncitizen is entitled. *See also Ly v. Hansen*, 351 F.3d 263, 272 (6th Cir. 2003) ("An alien who would not normally be subject to indefinite detention cannot be so detained merely because [s]he seeks to explore avenues of relief that the law makes available to h[er]. Further, although an alien may be responsible for seeking relief, [s]he is not responsible for the amount of time that such determinations may take.").

served.  Thus, Genus's prior one-year sentence rivals his now-almost-one-year detention.

Finally, Genus is being held at a local county jail, which Respondents do not contest is also used for criminal detention.  *See Gomes Herbert*, 2019 WL 1434272, at *3 ("Respondents have failed to rebut [petitioner's] contention that his ongoing detention at this facility is indistinguishable from criminal incarceration." (citation omitted)).

Of these factors, all but the fourth clearly supports Genus's petition.  And even the fourth factor — the length of his underlying criminal detention — does not clearly undermine Genus's right to relief.  The relevance of this factor turns on its capacity to reflect accurately "the state's judgment of [a petitioner's] dangerousness."  *Hernandez v. Decker*, No. 18-CV-5026, 2018 WL 3579108, at *10 (S.D.N.Y. July 25, 2018).  Accordingly, the relevance of this factor to the due process analysis wanes as the age of the underlying conviction grows.  And here, the convictions occurred twenty-five and twenty-nine years ago.  (Pet. ¶ 23.)  Taken together, then, the relevant factors "demonstrate that continued detention of the Petitioner without a bond hearing is unreasonable and unconstitutional."  *Sajous*, 2018 WL 2357266, at *12.[2]  The Court concludes that Genus must be taken before an immigration "within fourteen days . . . or else [be] immediately release[d]."  *Gomes Herbert*, 2019 WL 1434272, at *4.[3]

---

[2] Because the Court determines that Genus's constitutional rights have been violated by applying the "fact-based inquiry" used by Courts in this Circuit, *Gomes Herbert*, 2019 WL 1434272, at *2 (quoting *Dukuray*, 2018 WL 5292130, at *3), the Court declines to reach Genus's alternative argument that the Constitution imposes a bright-line presumption against detentions exceeding six months.  (Pet. ¶ 43.)

[3] In a supplemental letter, Genus raises the troubling prospect that the "closure of many immigration functions" because of the coronavirus epidemic has rendered impossible either a bond hearing or the posting of bond.  (Dkt. No. 16 at 2–3.)  As this Order establishes, if this is true — and remains true for fourteen days — then Genus must be "immediately release[d]."  *See Gomes Herbert*, 2019 WL 1434272.

Genus also requests that the government bear the burden of proof at the bond hearing to establish, by clear and convincing evidence, that Genus poses a risk of flight or a risk of danger to the community. (Pet. ¶ 49.) Respondents argue that this inverts the bond hearing standard. (Dkt. No. 10 at 22–25.) The Court disagrees. As this Court has already held, "when unreviewed detention has become unreasonable, the government must bear the burden of proof at a bond hearing by clear and convincing evidence, to ensure the preservation of the detainees' fundamental liberty interests." *Gomes Herbert v. Decker*, 2019 WL 1434272, at *4 (quoting *Joseph v. Decker*, No. 18-CV-2640, 2018 WL 6075067, at *12 (S.D.N.Y. Nov. 21, 2018)). Accordingly, at the bond hearing, the immigration judge must order Genus to be released on bail unless Respondents establish by clear and convincing evidence that Genus poses a risk of flight or a risk of danger to the community. Additionally, the immigration judge must "consider ability to pay and alternative conditions of release in setting bond." *Hernandez*, 2018 WL 3579108, at *12.

For the foregoing reasons, Petitioner's request is GRANTED. Respondents shall take Genus before an immigration judge within fourteen days of this order for an individualized bond hearing, or else they must immediately release him.

SO ORDERED.

Dated: March 23, 2020
New York, New York

_____
J. PAUL OETKEN
United States District Judge